FILED

JUL 06 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BABU SINGH,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-70108<br><br>Agency No. A088-210-313<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before: SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Babu Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We grant the petition for review, and we remand.

Substantial evidence does not support the agency's finding that it would be implausible that a Sikh would be suspected of aiding Muslim terrorists because it was based on improper speculation and conjecture. *See Singh v. INS*, 292 F.3d 1017, 1024-25 (9th Cir. 2002). Substantial evidence also does not support the agency's credibility finding based on discrepancies in Singh's mother's death certificates because they are minor. *See Ren v. Holder,* 648 F.3d 1079*,* 1085-86 (9th Cir. 2011) ("minor discrepancies in dates that . . . cannot be viewed as attempts by the applicant to enhance his claims of persecution have no bearing on credibility") (citation and internal quotation marks omitted). Thus, substantial evidence does not support the agency's adverse credibility finding. *See id.* at 1089.

Accordingly, we grant the petition with respect to Singh's asylum, withholding of removal, and CAT claims, and we remand, on an open record, for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Soto-Olarte v. Holder*, 555 F.3d 1089, 1096 (9th Cir. 2009).

**PETITION FOR REVIEW GRANTED; REMANDED.**